UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD R. HUENE, and DONALD R. HUENE M.D., INC.,

Plaintiff,

v.

UNITED STATES OF AMERICA, and GINNI L. REDFERN, PROGRAM MANAGER, INTERNAL REVENUE SERVICE,

Defendants.

No. 1:17-cv-00771-DAD-SKO

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

(Doc. No. 14)

This matter is before the court on defendants' motion to dismiss. (Doc. No. 14.) A hearing on the motion was held on December 5, 2017. Attorney Jonathan M. Hauck appeared telephonically on behalf of defendants. Attorney David Paul Gromis appeared telephonically on behalf of plaintiff, Donald R. Huene M.D., Inc. Plaintiff, Mr. Donald R. Huene appeared on his own behalf. Having considered the parties' briefs and oral arguments, and for the reasons set forth below, the court will grant defendants' motion to dismiss.

**BACKGROUND**

Plaintiffs, Donald R. Huene ("Mr. Donald Huene" or "Mr. Huene") and Donald R. Huene, M.D., Inc., filed this action seeking a refund of a tax penalty assessed by defendant, the Internal Revenue Service ("the IRS"). (Doc. No. 10 at 2.) As discussed at the hearing on the pending

motion, plaintiff Mr. Donald Huene is separately suing defendant Ms. Ginni L. Redfern, the Program Manager for the AM OPS 1 of the IRS in Utah, for allegedly subjecting him to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. (*Id.*)

The factual allegations of the first amended complaint (FAC) are as follows. Plaintiffs were informed by the certified public accountant managing the accounts of Donald R. Huene, M.D., Inc. and representing Mr. Donald Huene, that federal taxes in the amount of $36,207.96 were due on January 15, 2017. (*Id.* at 2–3.) Mr. Donald Huene's son, William Arthur Huene ("Mr. William Huene"), was responsible for issuing such tax deposits on behalf of plaintiffs and had done so in previous years using the Electronic Federal Tax Payment System ("EFTPS"). (*Id.* at 3.) As described in the FAC, Mr. William Huene had intimate knowledge of the EFTP system and sole access to the password required to make tax deposits on behalf of plaintiffs through the system. (*Id.*) Plaintiffs aver they always maintained sufficient funds in their account and had the funds needed to make the tax payment in question. According to plaintiffs, EFTPS does not allow users to make advance tax payments.

However, on December 26, 2016, Mr. William Huene tragically died in an aircraft accident. (*Id.*) Thereafter, Mr. Donald Huene and the accountant for Donald R. Huene, M.D., Inc., attempted to file the tax deposit using EFTPS before the January 15, 2017 deadline for doing so. (*Id.*) Unfortunately, since only Mr. William Huene had access to the password to log onto EFTPS, they were unsuccessful in doing so. (*Id.* at 3–4.) Plaintiffs allege that they immediately requested a new password, but that it was not issued until after the January 15, 2017 deadline. (*Id.* at 4.) Plaintiffs received a password by mail on January 19, 2017 and payment was made that same day. (*Id.*) Even though the payment was submitted only a few days late, the IRS issued a notice to plaintiffs indicating that the payment was nineteen days past due and assessed a penalty of $1,810.40. (*Id.*)

Plaintiffs wrote a letter to the IRS explaining why the deposit was late in light of Mr. William Huene's tragic death and that, as a result, they had no way of accessing the password. (*Id.* at 4–5.) Plaintiffs also explained that they made several attempts to access EFTPS, albeit

2

unsuccessfully, and that the new password arrived by mail after the payment date had passed. (*Id.* at 5.) In the letter, plaintiffs also indicated that their payment was not nineteen days late and requested a reversal of the $1,810.40 penalty. (*Id.*)

IRS Program Manager, Ms. Ginni L. Redfern ("Ms. Redfern"), responded to plaintiffs by letter. Ms. Redfern explained that she had reviewed the case and did not find reasonable cause to waive the penalty fee. (*Id.*) She expressed her condolences for Mr. William Huene's death but explained that, in spite of this tragedy, plaintiffs needed to specify how his death prevented timely payment of the tax deposit. (*Id.*) Ms. Redfern further indicated that plaintiffs could file an appeal with the IRS should they disagree with her decision. (*Id.*) According to plaintiffs, filing an appeal would have been futile because Ms. Redfern obviously did not carefully consider the "life [or] death situation" that prevented them from timely filing the required tax deposit. (*Id.* at 6.) Upon receipt of Ms. Redfern's response, plaintiffs paid the penalty and simultaneously filed a claim for refund in this court. (*Id.*)

Plaintiffs were issued a Notice of Disallowance and paid the total balance of $1,820.95 on May 1, 2017. (*Id.*) Plaintiffs filed this action on June 5, 2017. (Doc. No. 1.) The FAC was filed on August 28, 2017. (Doc. No. 10.) On October 27, 2017, defendants moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), (5), and (6).[1] (Doc. No. 14.) Plaintiffs filed their opposition to that motion on November 6, 2017. (Doc. No. 18.) Defendants
/////

---

[1] Defendants maintain plaintiffs' FAC should be dismissed due to insufficient service of process with respect to Ms. Redfern. (Doc. No. 14 at 2–3.) Although the parties agreed plaintiffs could serve Ms. Redfern's counsel with the complaint and summons, defendants contend that only the amended complaint was served on counsel and not the summons. (Doc. No. 19 at 6.) As such, defendants argue plaintiffs failed to comply with Rule 4(e) and (i)(3) of the Federal Rules of Civil Procedure (*id.*), which allow service of process to an appointed agent and require service upon an individual employee acting on behalf of the United States respectively. Plaintiffs maintain they properly effectuated service and filed a notice of proof of service with the court on October 16, 2017. (Doc. No. 13.) Apart from this concern, defendants' arguments are largely devoted to their position that plaintiffs' allegations are insufficient to maintain a *Bivens* claim against Ms. Redfern. The parties' disagreement with respect to service of process aside, the court finds dismissal to be appropriate because, as discussed below, plaintiffs have failed to state a cognizable claim against defendant Redfern. Accordingly, the court will not address defendants other arguments in support of the pending motion to dismiss.

3

filed a reply on November 28, 2017. (Doc. No. 19.) Below the court addresses the parties' arguments.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

/////

/////

**DISCUSSION**

Defendants first argue that plaintiffs' claim for refund of a tax penalty assessment pursuant to 26 U.S.C. §§ 7421 and 6532, has now been rendered moot. (Doc. No. 14-1 at 3.) The U.S. Department of Justice, Tax Division, refunded $1,834.97 to plaintiffs on September 19, 2017. (Doc. No. 14-2 at 2–3, Ex. 1.) Plaintiffs concede that their claim for the refund of an unjustified tax penalty assessment is now moot. (Doc. No. 18 at 1.) Therefore, the defendants' motion to dismiss this claim as moot will be granted.

Next, defendants argue plaintiffs cannot maintain the remaining *Bivens* claim against Ms. Redfern in connection with the collection of taxes. (Doc. No. 14-1 at 4–5.)[2] Plaintiff Donald Huene opposes dismissal of his *Bivens* claim, arguing defendant Redfern acted outside her authority and subjected him to cruel and unusual punishment under the Eighth Amendment. (Doc. No. 18 at 3.) Plaintiff Donald Huene contends that defendant Redfern knew of his emotional vulnerability because of his son's death and that despite this knowledge, she punished him by imposing the tax penalty in question. (*Id.*)

Defendants' position is well-taken under the applicable legal authority. The Eighth Amendment provides, "[e]xcessive bail shall not be required, no excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. Const. amend. VIII. The Supreme Court has found that a violation of the proscription against cruel and unusual punishment in violation of the Eighth Amendment may provide the basis for a *Bivens*-type action under some circumstances. *See Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (citing *Carlson v. Green*, 446 U.S. 14, 17–18 (1980)). However, the Eighth Amendment applies only to punishments imposed after "a formal adjudication of guilt in accordance with due process of law." *In re Grand Jury Proceedings*, 33 F.3d 1060, 1062 (9th Cir. 1994); *see also Ingraham v. Wright*, 430 U.S. 651,

---

[2] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, the Supreme Court recognized an implied right of action against federal agents who allegedly inflict a constitutional injury while acting under color of federal law. 403 U.S. 388, 396–97. However, a right of action under *Bivens* applies only in "limited settings." *Iqbal*, 556 U.S. at 675. Moreover, the Supreme Court has recently made it clear that "expanding the *Bivens* remedy is now a disfavored judicial activity," and has "consistently refused to extend *Bivens* to any new context or new category of defendants." *Ziglar v. Abbasi*, ___U.S.___, 137 S.Ct. 1843, 1857 (2017).

666–68 (1977) ("the Cruel and Unusual Punishments Clause circumscribes the criminal process" and largely been found inapplicable when raised outside the criminal context); *Briseno v. I.N.S.* 192 F.3d 1320, 1323 (9th Cir. 1999) ("[T]he BIA's denial of discretionary relief did not violate Briseno's rights under the Eighth Amendment because deportation is not criminal punishment."). Most importantly for purposes of resolving the pending motion, it is well established that a *Bivens* action cannot be maintained against an IRS official in connection with the collection of taxes. *Adams v. Johnson*, 355 F.3d 1179, 1186 (9th Cir. 2004) ("Because the Internal Revenue Code gives taxpayers meaningful protections against government transgressions in tax assessments and collection, we hold that *Bivens* relief is unavailable for plaintiffs' suit against IRS auditors and officials."); *Wages v. IRS*, 915 F.2d 1230, 1235 (9th Cir.1990) (dismissing a claim against IRS agents "based upon allegedly fraudulent and intimidating conduct" in garnishing plaintiff's paychecks because "the remedies provided by Congress, particularly the right to sue the government for a refund of taxes improperly collected, foreclose a damage action under *Bivens* in this situation."); *see also Major v. U.S. Internal Revenue Serv.*, 201 F. App'x 564, 566 (9th Cir. 2006); *Ramierz v. United States*, No. SACV 13-00268 JVS, 2013 WL 10822053, at *5 (C.D. Cal. June 10, 2013) ("The Ninth Circuit, like most other circuits, has held that a *Bivens* remedy is not available for alleged constitutional violations by government officials in the assessment and collection of taxes."), *aff'd*, 604 F. App'x 567 (9th Cir. 2015).

Although the circumstances surrounding plaintiffs' inability to pay the tax assessment in a timely manner are tragic and unfortunate, Ms. Redfern's actions as alleged in plaintiffs' FAC do not amount to cruel and unusual punishment in violation of the Eighth Amendment. While her ultimate decision to leave the penalty in place, a decision which was later essentially reversed by the IRS, may be characterized as unfair and misguided, it does not give rise to a cognizable constitutional claim actionable under *Bivens*. That claim against Ms. Redfern will, therefore, be dismissed. Additionally, the granting of leave to amend would be futile in light of the authorities cited above.

/////

/////

6

**CONCLUSION**

For all of the reasons stated above;

1. Defendants' motion to dismiss (Doc. No. 14) is granted and this action is dismissed in its entirety; and

2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **February 13, 2018**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE